IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

FILED
U.S. District Court
District of Kansas
09/28/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

CARIS YORLENI GONZALEZ VALLE,

Petitioner,

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondent.

Case No. 26-3304-JWL

**MEMORANDUM AND ORDER**

Petitioner, acting *pro se*, filed a petition for habeas corpus under 28 U.S.C. § 2241, by which she challenges her detention by immigration officials. For the reasons set forth below, the Court **denies** the petition. The Court also **denies** petitioner's motion to proceed without payment of the filing fee (Doc. # 3).

Petitioner alleges that she was released on bond in November 2024; that she was again detained by immigration officials on December 21, 2025; that her removal was ordered on February 23, 2026; and that she filed an appeal of that order with the Board of Immigration Appeals (BIA) on March 23, 2026. Petitioner is presently confined within this judicial district. On August 17, 2026, petitioner filed this habeas action; respondents have filed an answer, and the deadline for petitioner's traverse has passed, and the matter is therefore ripe for ruling.

As an initial matter, petitioner's suit is subject to dismissal because petitioner has failed to pay the applicable filing fee. In response to the Court's notice of that deficiency,

petitioner filed a motion to proceed without payment of the fee, but she did not include a statement of her prison account as required. The Court again sent petitioner a notice of the deficiency, but petitioner did not respond by the 30-day deadline set by the Court. Accordingly, the Court denies the motion.

The Court also denies the petition on the merits. Petitioner claims that her continued detention by immigration authorities is improper. To obtain habeas corpus relief, petitioner must demonstrate that she is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(c)(3). This Court has habeas corpus jurisdiction to consider the statutory and constitutional grounds for immigration detention that are unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003). Petitioner has not shown such a violation, however.

Petitioner first claims that she has been detained "beyond the removal period authorized by the statute." The statutory "removal period" begins only when a removal order becomes administratively final, however, *see* 8 U.S.C. § 1231(a)(1)(B)(i); and because petitioner's appeal from her removal order remains pending, the removal period has not yet begun. The Court therefore denies this claim.

Petitioner also challenges her continued detention without an opportunity to obtain her release. The Government has provided evidence that immigration officials gave notice to her of a custody determination pursuant to 8 U.S.C. § 1226 (which statute allows for discretionary release on bond), and that petitioner checked a box on the notice indicating that she requested a bond hearing. Thus, the Government has confirmed that petitioner is

being detained under Section 1226(a) and that she may request and obtain a bond hearing. The Court therefore denies this claim as well.

Finally, petitioner claims that her detention while her appeal is pending has become unreasonable and excessive. Petitioner has not shown that her detention has been so prolonged as to violate due process, however; and the relief that the Court would consider for such a due process claim – a bond hearing – is already available to petitioner. The Court therefore denies the petition in its entirety.

IT IS THEREFORE ORDERED BY THE COURT THAT the petition for habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **denied**.

IT IS FURTHER ORDERED BY THE COURT THAT petitioner's motion to proceed without payment of the filing fee (Doc. # 3) is hereby **denied**.

IT IS SO ORDERED.

Dated this 28th day of September, 2026, in Kansas City, Kansas.

/s/ John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge